FILED

SEP 17 2007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 05-38719-D-13L |
| | Docket Control No. CAG-1 |
| ANTHONY and COURTNEY VANN, | |
| | DATE: September 6, 2007 |
| Debtors. | TIME: 1:00 p.m. |
| | DEPT: D, Courtroom 34 |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

MEMORANDUM DECISION ON MOTION
FOR ORDER TO ALLOW LATE-FILED CLAIMS

Anthony Vann and Courtney Vann (the "debtors") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on October 16, 2005. The debtors' Notice of Chapter 13 Case, Meeting of Creditors, and Deadlines (the "Notice") was filed and served on October 31, 2005. The Notice set a deadline of April 14, 2006 for governmental units to file a proof of claim. The Notice was served on the State Board of Equalization ("SBE") and the SBE actually received the Notice. The SBE did not timely file a proof of claim. On July 9, 2007 the SBE filed two proofs of claim. The SBE then filed a Motion for Order to Allow Late-Filed Claims on July 10, 2007 (the "Motion"). Through the Motion the SBE seeks allowance of the following late-filed claims: (1) Claim No. 37 for $19,845.35 secured by a tax lien, and (2) Claim No. 38, a priority claim for $1,765.50

132

(collectively, the "Claims"). The debtors filed opposition to the Motion on August 23, 2007 and the matter came on for continued hearing on September 6, 2007 at 1:00 p.m. and was taken under submission.

The SBE acknowledges timely receipt of the Notice, but contends that the Claims should be allowed because: (1) the debtors did not serve the SBE with the Notice at the address provided for on the Roster of Public Agencies, and the SBE did not receive notice of other proceedings in this case, and (2) the SBE's failure to timely file the Claims is due to excusable neglect and, as such, the Claims should be allowed under Bankruptcy Rule 9006(6)(1). The debtors oppose the Motion, arguing that the SBE actually received the Notice and that the debtors' failure to properly serve the SBE with notice of other proceedings in the case does not constitute a basis for allowing the Claims.

The SBE acknowledges that it actually received the Notice, presumably in time to file a proof of claim before the bar date. The fact that the SBE may not have received other notices in the debtors' Chapter 13 case is not relevant. It is not uncommon that the only notice, or notices a creditor receives in a bankruptcy case is the notice of commencement of the case and a notice of a claims bar date; yet creditors are still held to the claims bar dates. As far as allowing the Claims under Bankruptcy Rule 9006(b)(1), the SBE's agreement is misplaced. Bankruptcy Rule 9006(b)(1) is subject to subsection (b)(3). Accordingly, Bankruptcy Rule 9006(b)(1) can only be used to extend the time as

Case 05-38719    Filed 09/17/07    Doc 132

enunciated by the five set of circumstances set out in Bankruptcy Rule 3002(c). Thus, excusable neglect is not a basis for allowing a late-filed claim in a Chapter 13 case. See <u>In re: Edelman</u>, 237 B.R. 146, 153 (B.A.P. 9th Cir. 1999). As a result, the Claims will be disallowed as untimely.

For the reasons stated the court will issue an order denying the Motion and disallowing the Claims as late-filed.

Dated: September 17, 2007

*[signature]*
ROBERT S. BARDWIL
United States Bankruptcy Judge

Case 05-38719    Filed 09/17/07    Doc 132

## CERTIFICATE OF MAILING

I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document on today's date to each of the parties listed below:

Office of the US Trustee
501 "I" Street, 7th Floor
Sacramento, CA 95814

Gary Greule
P.O. Box 652
Citrus Heights, CA 95611

Lawrence Loheit
P.O. Box 1858
Sacramento, CA 95812-1858

George Spanos
Office of the Attorney General
P.O. Box 944255
Sacramento, CA 94244-2550

DATE: September 17, 2007

_____
Deputy Clerk